Per Curiam.

The personalty here involved is in the form of certain securities.
The basic claim of the appellant is that he did not list these securities or the income yield thereon in his personal property tax returns for the reason that the securities are not owned by him personally but that *422 they form the corpus of an express charitable trust of which he is the trustee.
The Tax Commissioner found that “the failure of the applicant to list was not due to reasonable cause, but to wilful neglect,” and for “such reason * * * ordered that a 50 per cent penalty apply on all taxable property not listed by the applicant. ’ ’
In its decision the Board of Tax Appeals held:
“From the related facts and all other evidence before the board it is its judgment that no such charitable trust exists; and that its real purpose and intent was to confuse and avoid taxation of appellant’s intangible personal property. The board considers that the Tax Commissioner did exactly right in assessing the income from these securities as income from investments by Miller in his individual capacity.”
Another comment of the Board of Tax Appeals was:
' “We think appellant’s last conclusion, taken from this testimony and all other evidence, is directly opposite to the true reason. Throughout past tax years appellant has sought to evade his full personal property tax responsibility by consistent omissions. If it were within our power to remit penalties in part in this case this board would in no way disturb the commissioner’s order in the matter of penalty imposed. Appellant’s main complaint is that he should have been assessed his usual penalty of 10 per cent.”
Does the record substantiate these conclusions?
The alleged trust is claimed to be set forth in two typewritten papers which the appellant produced at the hearing. The declared purpose of the trust is to “purchase * * * modern worthy books of an inspiring nature, except fiction,” for the public library of the city of Newark, Ohio, twice a year. It is provided further that, if a new library is erected, the securities are to be sold and the proceeds used to complete a wing or *423 section of the new building as a memorial to the appellant’s parents.
Of course a person may legally place his personalty in trust with himself as trustee for the benefit of another, but his words and acts must clearly and unmistakably denote an intention to hold certain property for the benefit of another. Did the appellant so establish such a trust?
Aside from the appellant’s own statement to that effect, the evidence is conclusively to the contrary. The original trust document on which he relies is not witnessed, dated or even signed. Although the shares of stock were supposed’ to have been in the trust, they remained in his name individually. Although the trust is claimed to have been created in 1947, nothing has been spent during the intervening years for the purchase of books; and, although the city of Newark in the meantime has erected a new library building, the appellant has done nothing to aid in the project by furnishing a wing or section. Nor is the alleged trust registered with the Attorney General of Ohio, as required by the provisions of Section 109.26, Revised Code. Furthermore, the federal government has refused to recognize the trust for income tax purposes.
A careful study of the record discloses that not only is the decision below not unreasonable or unlawful but it manifestly is the only conclusion permitted under the evidence; and the appellant’s scheme to evade payment of the tax is so patent as to justify imposition of the penalty.

Decision affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell, and Taet, JJ., concur.